1  Joseph R. Saveri (SBN 130064)
   jsaveri@lchb.com
2  Eric B. Fastiff (SBN 182260)
   efastiff@lchb.com
3  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
4  275 Battery Street, 30th Floor
   San Francisco, CA 94111-3339
5  Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
6
   *Attorneys for Individual and Representative Plaintiff*
7  *Rochester Drug Co-Operative, Inc.*

8  Charles M. Kagay (SBN 073377)
   cmk@slksf.com
9  SPIEGEL, LIAO & KAGAY
   388 Market Street, Suite 900
10 San Francisco, CA 94111
   Telephone: (415) 956-5959
11 Facsimile: (415) 362-1431

12 *Attorneys for Individual and Representative Plaintiff*
   *Louisiana Wholesale Drug Company, Inc.*
13
   [Additional Attorneys and Plaintiffs listed on Signature
14 Page]

15                UNITED STATES DISTRICT COURT

16                NORTHERN DISTRICT OF CALIFORNIA

17                      (OAKLAND DIVISION)

18

19
   | MEIJER, INC., on behalf of itself and all others similarly situated, | Case No. C 07-5985 CW |
   |---|---|
   | Plaintiff, | **CASE MANAGEMENT STATEMENT** |
   | v. | Date: December 11, 2007<br>Time: 2:00 P.M.<br>Courtroom: No. 2, 4th Floor<br>1301 Clay Street<br>Oakland, CA |
   | ABBOTT LABORATORIES, | |
   | Defendant. | |
   | --[*caption continues next page*]-- | |

740771.5

CASE MANAGEMENT STATEMENT
CASE NOS. C 07-5985 CW, C 07-6010 CW, AND 07-6118CW

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>ABBOTT LABORATORIES,<br><br>                    Defendant. | Case No. C 07-6010 CW<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date:        December 11, 2007<br>Time:       2:00 P.M.<br>Courtroom: No. 2, 4th Floor<br>                    1301 Clay Street<br>                    Oakland, CA |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>ABBOTT LABORATORIES,<br><br>                    Defendant. | Case No.: C 07-6118 JCS<br><br>**CASE MANAGEMENT STATEMENT**<br><br>Date: December 11, 2007<br>Time: 2:00 P.M.<br>Courtroom: No. 2, 4th Floor<br>                    1301 Clay Street<br>                    Oakland, CA |

Plaintiffs Meijer, Inc, Rochester Drug Co-Operative, Inc., and Louisiana Wholesale Drug Company, Inc. (collectively, the "Direct Purchasers Class Plaintiffs" or "Plaintiffs"), pursuant to the Court's Orders Rescheduling Initial Case Management Conference and Modifying Corresponding Deadlines and Civil Local Rule 16-9, respectfully submit this Case Management Statement. Although Plaintiffs did provide Abbott Laboratories ("Abbott" or "Defendant") with an advance copy of Plaintiffs' proposed scheduling order, Abbott's counsel did not provide their positions to be in incorporated into a joint proposal based, at least in part, on their view that such a proposal is premature. However, because of Plaintiffs' understanding that the Court has requested such a proposal, and to provide the Court with the greatest amount of information for the December 11th conference, Plaintiffs submit this Case Management Statement.

**1.     Jurisdiction and Service**

The Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337(a). Venue is proper in this district. The sole defendant (Abbott Laboratories) has been served with

the Complaints of Meijer and Rochester Drug Co-Operative.  Counsel for Louisiana Wholesale Drug Co., Inc. is in the process of serving its Complaint but does not anticipate any problems.

**2.    Facts**

Plaintiffs allege that Abbott leveraged its market power in the market for drugs boosting the effect of protease inhibitors (the "Booster Market") in order to monopolize, or attempt to monopolize, the related market for protease inhibitors when they are prescribed together with Abbott's drug Norvir as a booster (the "Boosted Market"). Abbott raised the price of Norvir—a necessary input for use in tandem with drugs in the Boosted Market—by 400% so that it would be more expensive for patients to use boosted-PI products (such as Lexiva and Reyataz) that compete with Abbott's Boosted PI Kaletra.  This claim is similar (if not identical) to the claim that the Court has already held, in its July 6, 2006 order denying summary judgment in Case No. 04-1511, is factually and legally sufficient to go to trial.

Additionally, Plaintiffs allege that Abbott artificially maintained and/or enhanced its monopoly power over Norvir in the Booster Market by inducing competitors to refrain from developing Norvir alternatives.  Due to Abbott's monopolization scheme, which included Abbott's Norvir co-licensing arrangements with one or more manufacturers of boosted drugs, these other PI manufacturers chose to forego developing or testing alternative potential PI boosters, and instead standardized clinical trials and testing of their Boosted PIs solely in conjunction with Norvir.  By inducing its competitors to standardize based on Norvir, instead of developing competing boosters (or testing their PIs for use with other potential boosters), Abbott was able to maintain and expand its booster monopoly.  This further enhanced Abbott's monopoly power and ability to charge supra-competitive prices for Norvir.

Plaintiffs allege these acts to have taken place in the United States.  Plaintiffs bring their actions under section 2 of the Sherman Act, 15 U.S.C. § 2, to recover overcharge damages—*i.e.*, the difference between the supra-competitive prices they paid for Norvir and/or Kaletra and what prices would have been in a competitive market—caused by Abbott's unlawful monopolization or attempted monopolization.

**3.  Legal Issues**

Whether Plaintiffs have sufficiently alleged claims under the Sherman and Clayton Acts, 15 U.S.C. §§ 2 & 15(a), including, *e.g*.:

    A.    Whether Plaintiffs have properly defined the relevant product markets.

    B.    Whether Abbott has market power in any of the relevant product markets.

    C.    Whether Abbott has engaged in legally cognizable exclusionary conduct.

    D.    Whether Abbott unlawfully leveraged market power in the Booster Market to monopolize or attempt to monopolize the Boosted Market.

    E.    Whether Abbott unlawfully maintained or expanded its market power in the Booster Market.

    F.    Whether Plaintiffs were injured by the alleged unlawful conduct of Abbott and, if so, the appropriate measure of damages.

Plaintiffs' Complaints also seek class certification.

**4.  Motions**

There are no pending motions.

**5.  Amendment of Pleadings**

Plaintiffs believe that the schedule should provide time for Plaintiffs to file a consolidated amended class action complaint.

**6.  Evidence Preservation**

Plaintiffs have taken steps to gather relevant documents and data and agree to preserve relevant documents and data.

**7.  Disclosures**

Plaintiffs intend to make their initial disclosures under Rule 26 pursuant to the schedule in paragraph 17 below.

**8.  Discovery**

No discovery has been taken in this case.  Plaintiffs propose that once the parties have entered into a mutually agreeable protective order, Abbott make available to Plaintiffs all pleadings, documents, deposition transcripts, expert reports, and other discovery (fact and expert)

produced in Case 04-1551.  Plaintiffs will discuss with Abbott the format of production of electronically stored information.  Plaintiffs set forth a preliminary discovery proposal in paragraph 17 below.

### 9.  Class Actions

Plaintiffs bring this case as a class action.  Plaintiffs anticipate that many of the Court's rulings on the prior motion for class certification in the *Doe 1, et al. v. Abbott Laboratories*, Case No. C 04-1511 CW, action will be instructive for the direct purchaser class motion.  Plaintiffs' proposal for the timing of class certification briefing is set forth in paragraph 17 below.

### 10.  Related Cases

The Court has related *Meijer, Inc v. Abbott Laboratories*, Case No. 07-5985 (*Meijer* case) and *Rochester Drug Co-Operative, Inc. v. Abbott Laboratories*, Case No. 07-6010 (*RDC* case) to: *In re Abbott Laboratories Norvir Antitrust Litigation*, Case No. 04-1511 (*Doe/SEIU* case); *SmithKline Beecham Corporation, d/b/a GlaxoSmithKline v. Abbott Laboratories*, Case No. 07-5702 (*GSK* case); *Safeway Inc., et al. v. Abbott Laboratories*, Case No. 07-5470 (*Safeway* case) and *Rite Aid Corporation, et al. v. Abbott Laboratories*, Case No. 07-6120 (*Rite Aid* case).  A motion to relate to Case No. 04-1511 is pending in *Louisiana Wholesale Drug Company, Inc. v. Abbott Laboratories*, Case No. 07-6118 JCS (*LWD* case).  The *Meijer*, *RDC*, and *LWD* cases are direct purchaser class actions.  The *Rite Aid* and *Safeway* cases are individual direct purchaser, *i.e.*, non-class, actions.  The *GSK* case is a competitor action.

### 11.  Relief

In their complaints, Plaintiffs seek (a) recovery of overcharge damages, *i.e.*, the difference between what Plaintiffs paid for Norvir and/or Kaletra and what Plaintiffs would have paid but for the Defendants' wrongful acts, trebled; (b) costs of suit, including a reasonable attorneys' fee; and (c) other relief that the Court deems just and proper.  Plaintiffs will disclose the amount of damages sought and the basis of their damage calculation in their expert reports.

### 12.  Settlement and ADR

Plaintiffs are amenable to a settlement conference by a magistrate judge, and believe that private mediation may also be beneficial.

### 13. Consent to Magistrate Judge For All Purposes

Plaintiffs do not consent to have a magistrate judge conduct all further proceedings.

### 14. Other References

Plaintiffs do not believe the case is suitable for binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

The parties will attempt to narrow the issues through discovery or by stipulation. Trial of the *Doe 1* action should narrow the liability issues.

### 16. Expedited Schedule

*See* paragraph 17 below.

### 17. Scheduling

Because Plaintiffs' complaints were so recently filed, Plaintiffs believe that they would benefit by having an additional two weeks from the date of the December 11 hearing to: (1) continue to meet and confer with Defendant on a proposed discovery schedule; (2) incorporate whatever guidance the Court provides regarding case management; (3) file a Stipulated Protective Order; and (4) submit a proposed case management and scheduling order. Plaintiffs expect that their proposed discovery schedule will reflect an accelerated discovery track similar to the following:

| Date | Event |
|---|---|
| Dec. 30, 2007 | Abbott gives Plaintiffs access to all pleadings, documents, deposition transcripts, deposition exhibits, expert reports and other discovery (fact and expert) in Case No. 04-1551; Plaintiffs file Consolidated Amended Complaint |
| Jan. 30, 2008 | Plaintiffs substantially complete production of their initial disclosures and relevant purchase data |
| Apr. 1, 2008 | Opening Class Certification briefing |
| May 1, 2008 | Opposition to Class Certification briefing |
| June 1, 2008 | Reply briefing in Support of Class Certification |
| June 30, 2008 | Close of fact discovery |
| Aug. 15, 2008 | Opening merits expert reports served |
| Oct. 1, 2008 | Opposition merits expert reports served |

| | |
|---|---|
| Oct. 15, 2008 | Rebuttal merits expert reports served |
| Nov. 1, 2008 | Dispositive motions filed |
| Dec. 1, 2008 | Oppositions to dispositive motions filed |
| Dec. 15, 2008 | Replies on dispositive motions filed; Final Pretrial Conference |
| Jan. 15, 2009 | Trial |

Plaintiffs believe that this Court should not consolidate Plaintiffs' Direct Purchaser Class cases for trial with Case No. 04-1511 (the indirect purchaser action or *Doe 1*), which is currently scheduled for trial in Summer 2008. As an initial matter, because of the nature of the evidence that will be introduced to support the claims asserted in the indirect purchaser case, Plaintiffs' claims for overcharge damages cannot be decided by the same jury that decides the claims in the indirect purchaser action. *See Hanover Shoe, Inc. v. United Shoe Machinery Corp.*, 392 U.S. 481, 487-94 (1968) (evidence that direct purchasers passed on higher prices to indirect purchasers is inadmissible in determining overcharges in a case brought by direct purchasers under federal antitrust law).

Nevertheless, Plaintiffs believe that their cases are sufficiently related to, and share multiple common facts with, the indirect purchaser action. Both sets of cases allege that Abbott improperly leveraged its monopoly power in the Booster Market to hamper and impede competition from products such as Lexiva and Reyataz in the Boosted Market. Because of these common allegations between Plaintiffs' cases and the indirect purchaser case, and because of the substantial overlap in facts that support these allegations, there are many efficiencies to be gained from having all cases before the same court on a coordinated basis. The Court's discovery orders and the discovery taken to date in the indirect purchaser action will help guide and shorten the discovery phase in these cases. Moreover, this Court is familiar with the case background thereby giving the Court and the Parties that additional advantage of being able to address and quickly decide the issues presented early in the Direct Purchaser Class cases.

1    Plaintiffs also raise the additional claim that Abbott improperly maintained and expanded
2  its monopoly power in the Booster Market.  These additional allegations relating to Abbott
3  impeding competition in the market for PI Boosters will require some additional discovery.
4  Therefore, consolidation with the indirect purchaser cases would not be efficient or appropriate.
5  An accelerated discovery track, coordinating the indirect purchaser case with the Direct Purchaser
6  Class cases wherever possible, but stopping short of maintaining the same discovery track as the
7  indirect purchaser action, best balances the desire to efficiently prosecute the case and conserve
8  judicial resources with the needs of the parties to develop the record.

### 18.  **Trial**

Trial will be to a jury or juries.  The parties are not able to make an intelligent estimate of the length of the trial without knowing which parties will participate and which claims or elements of claims will be tried.

### 19.  **Disclosure of Non-party Interested Entities or Persons**

Plaintiffs Meijer, Inc. and Meijer Distribution, Inc. made the following corporate disclosure statement: "Meijer, Inc. and Meijer Distribution, Inc. are privately held Michigan corporations.  They have no parent corporations and no publicly held corporation owns 10% or more of their stock."

Plaintiff Rochester Drug Co-Operative, Inc. filed its Certification of Non-party Interested Entities or Persons, which states: "Pursuant to Civil Local Rule 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report."

Plaintiff LWD will soon file its Certification.

**20.    Applicability of Patent Local Rules**

Plaintiffs do not believe that the Patent Local Rules apply to this case.

Dated: December 10, 2007                    Respectfully submitted,

LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP


By:      */s/ Joseph R. Saveri*
         Joseph R. Saveri

Joseph R. Saveri (SBN 130064)
jsaveri@lchb.com
Eric B. Fastiff (SBN 182260)
efastiff@lchb.com
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile: (415) 956-1008

Daniel Berger
danberger@bm.net
Eric L. Cramer
ecramer@bm.net
David F. Sorensen
dsorensen@bm.net
John D. Radice
jradice@bm.net
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA  19103
Telephone:  (215) 875-3000
Facsimile:  (215) 875-4604

Joshua P. Davis (SBN 193254)
davisj@usfca.edu
LAW OFFICES OF JOSHUA P. DAVIS
437A Valley Street
San Francisco, CA 94131
Telephone:  (415) 422-6223

*Attorneys for Individual and Representative Plaintiff Rochester Drug Co-Operative, Inc.*

| | |
|---|---|
| 1 | Laurence D. King (SBN 206423) |
| | lking@kaplanfox.com |
| 2 | Linda M. Fong (SBN 124232) |
| | lfong@kaplanfox.com |
| 3 | KAPLAN FOX & KILSHEIMER LLP |
| | 350 Sansome Street, Suite 400 |
| 4 | San Francisco, CA 94104 |
| | Telephone: (415) 772-4700 |
| 5 | Facsimile: (415) 772-4707 |
| 6 | Robert N. Kaplan |
| | rkaplan@kaplanfox.com |
| 7 | Linda P. Nussbaum |
| | lnussbaum@kaplanfox.com |
| 8 | KAPLAN FOX & KILSHEIMER LLP |
| | 850 Third Avenue, 14th Floor |
| 9 | New York, NY 10022 |
| | Telephone: (212) 687-1980 |
| 10 | Facsimile: (212) 687-7714 |
| 11 | Joseph M. Vanek |
| | jvanek@vaneklaw.com |
| 12 | David P. Germaine |
| | dgermaine@vaneklaw.com |
| 13 | VANEK, VICKERS & MASINI, P.C. |
| | 111 South Wacker Drive, Suite 4050 |
| 14 | Chicago, IL 60606 |
| | Telephone: (312) 224-1500 |
| 15 | Facsimile: (312) 224-1510 |
| 16 | Paul E. Slater |
| | pes@sperling-law.com |
| 17 | SPERLING & SLATER |
| | 55 West Monroe Street, Suite 3200 |
| 18 | Chicago, Illinois 60603 |
| | Telephone: (312) 641-3200 |
| 19 | Facsimile: (312) 641-6492 |
| 20 | *Attorneys for Individual and Representative Plaintiff Meijer, Inc.* |
| 21 | |
| 22 | Charles M. Kagay (SBN 073377) |
| | cmk@slksf.com |
| 23 | SPIEGEL, LIAO & KAGAY |
| | 388 Market Street, Suite 900 |
| 24 | San Francisco, CA 94111 |
| | Telephone: (415) 956-5959 |
| 25 | Facsimile: (415) 362-1431 |
| 26 | |
| 27 | |
| 28 | |

740771.5 — - 9 - — CASE MANAGEMENT STATEMENT
CASE NOS. C 07-5985 CW, C 07-6010 CW, AND 07-6118CW

| | |
|---|---|
| 1 | Bruce E. Gerstein |
| | Noah H. Silverman |
| 2 | GARWIN GERSTEIN & FISHER, LLP |
| | 1501 Broadway, Suite 1416 |
| 3 | New York, NY 10036 |
| | Telephone: (212) 398-0055 |
| 4 | Facsimile: (212) 764-6620 |
| 5 | John Gregory Odom |
| | Stuart E. Des Roches |
| 6 | John Alden Meade |
| | ODOM & DES ROCHES, LLP |
| 7 | Suite 2020, Poydras Center |
| | 650 Poydras Street |
| 8 | New Orleans, LA 70130 |
| | Telephone: (504) 522-0077 |
| 9 | Facsimile: (504) 522-0078 |
| 10 | David P. Smith |
| | W. Ross Foote |
| 11 | PERCY SMITH & FOOTE, LLP |
| | 720 Murray Street |
| 12 | P.O. Box 1632 |
| | Alexandria, LA 71309 |
| 13 | Telephone: (318) 445-4480 |
| | Facsimile: (318) 487-1741 |
| 14 | |
| | Tucker Ronzetti |
| 15 | Adam Moskowitz |
| | KOZYAK TROPIN & THROCKMORTON, P.A. |
| 16 | 2800 Wachovia Financial Center |
| | 200 South Biscayne Boulevard |
| 17 | Miami, FL 33131-2335 |
| | Telephone: (305) 372-1800 |
| 18 | Facsimile: (305) 372-3508 |
| 19 | Andrew E. Aubertine |
| | aa@adr-portland.com |
| 20 | AUBERTINE DRAPER ROSE LLP |
| | 1211 SW Sixth Avenue |
| 21 | Portland, Oregon 97204 |
| | Telephone: 503.221.4570 |
| 22 | Facsimile: 503.221.4590 |
| 23 | *Attorneys for Individual and Representative Plaintiff Louisiana Wholesale Drug Company, Inc.* |
| 24 | |
| 25 | Pursuant to General Order 45, Part X-B, the filer attests that concurrence in the filing of this document has been obtained from Joseph R. Saveri. |
| 26 | |
| 27 | |
| 28 | |