1  Joseph R. Saveri (SBN 130064)
   *jsaveri@lchb.com*
2  Eric B. Fastiff (SBN 182260)
   *efastiff@lchb.com*
3  Brendan Glackin (SBN 199643)
   *bglackin@lchb.com*
4  LIEFF, CABRASER, HEIMANN & BERNSTEIN, LLP
   Embarcadero Center West
5  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
6  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
7
   *Attorneys for Individual and Representative Plaintiff*
8  *Rochester Drug Co-Operative, Inc.*

9  Charles M. Kagay (SBN 073377)
   *cmk@slksf.com*
10 SPIEGEL, LIAO & KAGAY
   388 Market Street, Suite 900
11 San Francisco, CA 94111
   Telephone:  (415) 956-5959
12 Facsimile:  (415) 362-1431

13 *Attorneys for Individual and Representative Plaintiff*
   *Louisiana Wholesale Drug Company, Inc.*
14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                          (OAKLAND DIVISION)

18

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>          Defendant.<br><br>--[caption continues next page]— | Case No. C 07-5985 CW<br><br>**[PROPOSED] ORDER GRANTING DIRECT PURCHASER PLAINTIFFS' MOTION FOR <u>CLASS CERTIFICATION</u>**<br><br>**Hon. Claudia Wilken** |

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6010 CW<br><br>**Hon. Claudia Wilken** |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ABBOTT LABORATORIES,<br><br>Defendant. | Case No. C 07-6118 CW<br><br>**Hon. Claudia Wilken** |

AND NOW, this _____ day of _____, 2008, upon consideration of Direct Purchaser Class Plaintiffs' Motion for Class Certification and the materials filed and submitted therewith filed by the named plaintiffs Meijer Inc., Meijer Distribution, Inc. ("Meijer"), Rochester Drug Co-operative, Inc. ("RDC"), and Louisiana Wholesale Drug Co., Inc. ("LWD") (collectively, the "Named Plaintiffs"), seeking a determination of class maintainability under Federal Rule of Civil Procedure Rule 23, and any opposition by Defendant Abbott Laboratories ("Abbott") thereto, it is hereby ORDERED as follows:

1. The Direct Purchaser Class Plaintiffs' Motion for Class Certification is hereby GRANTED, and the following Plaintiff Class is hereby CERTIFIED pursuant to Fed. R. Civ. P. 23(a) and (b)(3), and defined pursuant to Rule 23(c)(1)(B) as follows:

> All persons or entities in the United States that purchased Norvir and/or Kaletra directly from Abbott or any of its divisions, subsidiaries, predecessors, or affiliates during the period from December 3, 2003 through such time as the effects of Abbott's illegal conduct ceased, and excluding governmental entities,

Abbott, and Abbott's divisions, subsidiaries, predecessors and affiliates.

This class shall hereinafter be denominated the "Direct Purchaser Class."

2. The Named Plaintiffs, through their expert Dr. Hal Singer, have estimated that the Direct Purchaser Class will exceed 100 members, who are geographically dispersed throughout the United States. Thus, the members of the Direct Purchaser Class are so numerous that joinder of all members is impracticable, as required by Fed. R. Civ. P. 23(a).

3. The Court determines that the foregoing class-wide claims, issues, and defenses are questions of law or fact common to the Direct Purchaser Class that satisfy Fed. R. Civ. P. 23(a)(2) and are considered class-wide claims under Rule 23(c)(1)(B):

a. whether Abbott intentionally and unlawfully impaired or impeded competitors in the boosting and/or boosted markets;

b. whether Abbott unlawfully attempted to monopolize the boosted market;

c. whether Abbott engaged in anticompetitive conduct in order to leverage its monopoly in the boosting market to impair rivals in the boosted market, and/or to obtain, maintain or extend monopoly power in the boosted market;

d. whether the geographic market for both PI-boosting drugs and boosted-PIs is the United States;

e. whether Abbott has monopoly power in a relevant market defined as the boosting market;

f. whether Abbott intended to impair competition in the boosted market and/or to maintain or extend monopoly power in the boosted market, and in fact impaired rivals and/or maintained or extended monopoly power in the boosted market;

g. whether there was and is a dangerous probability that Abbott would succeed in monopolizing the boosted market;

h. whether Abbott had pro-competitive reasons for its conduct;

1                    i.      the effects of Abbott's attempted monopolization on prices of boosted PIs;

2                    j.      whether Plaintiffs and other members of the Class have been damaged by paying more for Norvir and/or Kaletra as a result of Abbott's unlawful behavior; and,

3                    k.      the proper measure of damages.

4.      LWD, RDC, and Meijer, the Named Plaintiffs herein, are hereby appointed representatives of the Direct Purchaser Class, for the following reasons:

   a.      the Named Plaintiffs allege on behalf of the proposed Direct Purchaser Class the very same manner of injury from the very same course of conduct that they complain of for themselves, and the Named Plaintiffs assert on their own behalf the same legal theory that they assert for the Class. The Court therefore determines that the claims of the Named Plaintiffs are typical of the claims of the Direct Purchaser Class within the meaning of Rule 23(a)(3); and

   b.      Pursuant to Rule 23(a)(4), the Court determines that the Named Plaintiffs will fairly and adequately protect the interests of the Direct Purchaser Class. The Named Plaintiffs' interests do not conflict with the interests of absent members of the Direct Purchaser Class. All of the Direct Purchaser Class members share a common interest in proving the existence, scope and effect of Abbott's alleged anticompetitive conduct, which allegedly led to higher prices for Norvir and Kaletra in the actual world, than would have been paid absent Abbott's alleged anticompetitive conduct, and all Direct Purchaser Class members share a common interest in recovering the overcharge damages sought in the Consolidated Amended Complaint. Moreover, any Direct Purchaser Class member that wishes to opt out will be given an opportunity to do so. The Court will issue findings relating to appointment of Class Counsel and the qualifications of such in a separate order.

5.      Pursuant to Rule 23(b)(3), the Court determines that, in this case, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues and defense set forth above, the issues in this action that are

subject to generalized proof, and thus applicable to the Direct Purchaser Class as a whole, predominate over those issues that are subject only to individualized proof. Specifically, the Court determines that:

    a.    On the issue of antitrust violation, the relevant proof of Defendants' alleged course of anticompetitive conduct will not vary among members of the Direct Purchaser Class;

    b.    On the issue of antitrust injury-in-fact or impact, Dr. Singer's Declaration, which is supported by Dr. Singer's analysis of a variety of sources of common evidence including: (1) internal projections regarding the effects of its conduct performed by Abbott; (2) application of standard economic theory and models regarding the effects of monopoly pricing, monopoly leveraging, and bundling on pricing; (3) Abbott's own transactional database and other sources of market-wide data on pharmaceutical pricing reflecting pricing, sales, and market conditions before and after Abbott's Norvir price increase; and, (4) governmental and academic studies relating to the pharmaceutical industry, together with the Named Plaintiffs' arguments and prior decisions granting class certification where direct purchasers alleged that they paid overcharges because of anticompetitive practices in the pharmaceutical industry,[1] provide the basis for the Court to determine that impact to all or nearly all Direct Purchaser Class members from Defendants' alleged conduct can be proved using one or more of a variety of categories of evidence that are applicable class-wide; and,

    c.    On the issue of damages, Dr. Singer's Declaration, together with the Named Plaintiffs' arguments and prior decisions granting class certification where direct purchasers alleged that they paid overcharges because of anticompetitive practices in the

---

[1] *See, e.g., J.B.D.L. Corp. v. Wyeth-Ayerst Labs., Inc.*, 225 F.R.D. 208 (S.D. Ohio 2003); *In re Wellbutrin SR Direct Purchaser Antitrust Litig.*, No. 04-5525 (E.D. Pa. May 2, 2008); *In re K-Dur Antitrust Litig.*, No. 01-1652, Special Master's Report and Recommendation on the Direct Purchaser Plaintiffs' Motion for Class Certification (D.N.J. Apr. 14, 2008); *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis*, No. 07-7343, Order Granting Class Certification (S.D.N.Y. Apr. 10, 2008); *In re Nifedipine Antitrust Litig.*, 246 F.R.D. 365, 369-71 (D.D.C. 2007); *Meijer, Inc. v. Warner Chilcott Holdings Co. III*, 246 F.R.D. 293, 308-10 (D.D.C. 2007); *In re Relafen Antitrust Litig.*, 218 F.R.D. 337, 343-46 (D. Mass. 2003); *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. 43, 58 (S.D.N.Y. 2002); and *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 297, 307-21 (E.D. Mich. 2001).

pharmaceutical industry,[2] provide the basis for the Court to determine that aggregate damages to the Direct Purchaser Class as a whole can be calculated using appropriate methodologies.

6. Pursuant to Rule 23(b)(3), this Court also determines that a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The members of the Class are readily definable, and they can be identified from records that exist in Abbott's files. Prosecution as a class action will eliminate the possibility of repetitious litigation. Treatment as a class action will permit a large number of similarly situated persons to adjudicate their common claims in a single forum simultaneously, efficiently and without the duplication of effort or expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many class members who otherwise could not afford to litigate an antitrust claim such as is asserted in the Consolidated Amended Complaint. This action presents no difficulties of management that would preclude its maintenance as a class action.

7. The Court will appoint counsel for the Direct Purchaser Class, pursuant to Rule 23(g)(1)(A) and Fed. R. Civ. P. 23(c)(1)(B), in a separate order.

8. The parties will confer concerning an appropriate program of notice, including proposed forms of notice, and shall, within thirty (30) days after the date of this Order, submit for the Court's consideration either (a) class notice program and forms of notice that are agreed by counsel for the parties or, (b) absent an agreement, the parties respective proposed

---

[2] *See, e.g., J.B.D.L.*, 225 F.R.D. at 217-220; *In re Wellbutrin SR Direct Purchaser Antitrust Litig.*, No. 04-5525 (E.D. Pa. May 2, 2008); *In re K-Dur Antitrust Litig.*, No. 01-1652, Special Master's Report and Recommendation on the Direct Purchaser Plaintiffs' Motion for Class Certification (D.N.J. Apr. 14, 2008); *Louisiana Wholesale Drug Co., Inc. v. Sanofi-Aventis*, No. 07-7343, Order Granting Class Certification (S.D.N.Y. Apr. 10, 2008); *In re Nifedipine Antitrust Litig.*, 246 F.R.D. at 371; *Meijer, Inc.*, 246 F.R.D. at 310-12; *In re Buspirone Patent & Antitrust Litig.*, 210 F.R.D. at 58; *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 30-31 (D.D.C. 2001*); In re Cardizem CD Antitrust Litig.*, 200 F.R.D. at 321-25. *See also In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 521-23, 524-26 (S.D.N.Y. 1996).

notice programs and forms of notice, accompanied by a memorandum not to exceed five (5) pages in length explaining and advocating the parties' competing positions.

DATED: _____   _____
UNITED STATES DISTRICT JUDGE