1  Joseph R. Saveri (SBN 130064)
   jsaveri@lchb.com
2  Eric B. Fastiff (SBN 182260)
   efastiff@lchb.com
3  Brendan Glackin (SBN 199643)
   bglackin@lchb.com
4  Lieff, Cabraser, Heimann & Bernstein, LLP
   Embarcadero Center West
5  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
6  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
7
   *Attorneys for Individual and Representative Plaintiff*
8  *Rochester Drug Co-Operative, Inc.*

9  Charles M. Kagay (SBN 073377)
   cmk@slksf.com
10 SPIEGEL, LIAO & KAGAY
   388 Market Street, Suite 900
11 San Francisco, CA 94111
   Telephone:  (415) 956-5959
12 Facsimile:  (415) 362-1431

13 *Attorneys for Individual and Representative Plaintiff*
   *Louisiana Wholesale Drug Company, Inc.*
14
   [Additional Attorneys and Plaintiffs listed on Signature
15 Page]

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                        (OAKLAND DIVISION)

19

20 MEIJER, INC. & MEIJER                  Case No. C 07-5985 CW
   DISTRIBUTION, INC., on behalf of
21 themselves and all others similarly    *Related per October 31, 2007 Order to*
   situated,                              *Case No. C-04-1511 (CW)*
22
                     Plaintiffs,          **ANSWERS AND OBJECTIONS OF**
23                                        **PLAINTIFFS MEIJER, INC., MEIJER**
   v.                                     **DISTRIBUTION, INC., ROCHESTER DRUG**
24                                        **CO-OPERATIVE, INC., AND LOUISIANA**
   ABBOTT LABORATORIES,                   **WHOLESALE DRUG COMPANY, INC. TO**
25                                        **ABBOTT LABORATORIES' FIRST SET OF**
                     Defendant.           **INTERROGATORIES TO PLAINTIFFS**
26

27 --*[caption continues next page]*--

28

1

2  ROCHESTER DRUG CO-
   OPERATIVE, INC., on behalf of itself
3  and all others similarly situated,

4              Plaintiff,

5     v.

6  ABBOTT LABORATORIES,

7              Defendant.

Case No. C 07-6010 CW

*Related per October 31, 2007 Order to
Case No. C-04-1511 (CW)*

8  LOUISIANA WHOLESALE DRUG
   COMPANY, INC., on behalf of itself
9  and all others similarly situated,

10             Plaintiff,

11    v.

12 ABBOTT LABORATORIES,

13             Defendant.

Case No. C 07-6118 CW

*Related per October 31, 2007 Order to
Case No. C-04-1511 (CW)*

14

15        **ANSWERS AND OBJECTIONS OF PLAINTIFFS MEIJER, INC., MEIJER
          DISTRIBUTION, INC., ROCHESTER DRUG CO-OPERATIVE, INC.,
16        AND LOUISIANA WHOLESALE DRUG COMPANY, INC. TO ABBOTT
          LABORATORIES' FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

17

18              **FIRST SET OF INTERROGATORIES TO PLAINTIFFS**

19        Pursuant to Federal Rules of Civil Procedure 26 and 33 and Rules 26-1, 26-2, and 33-1-

20 33-3 of the Local Rules of the United States District Court for the Northern District of California,

21 and subject to the objections stated below, Plaintiffs Meijer, Inc., Meijer Distribution, Inc.,

22 Rochester Drug Co-operative, Inc., and Louisiana Wholesale Drug Company, Inc. ("Plaintiffs")

23 hereby submit these answers and objections to Abbott Laboratories' First Set of Interrogatories to

24 Plaintiffs.

25                          **GENERAL OBJECTIONS**

26    1.    Plaintiffs object to these Interrogatories, including the Definitions and the

27 Instructions set forth therein, to the extent that they attempt to impose on Plaintiffs any discovery

28

757043.1                          - 1 -          CASE NOS. C-07-5985-CW; C07-6010 (CW); C07-6118 (CW)

ANSWERS & OBJECTIONS OF PLAINTIFFS' TO ABBOTT LABORATORIES' FIRST SET OF INTERROGATOIRES TO PLAINTIFFS

1  obligations greater than or different from those under the Federal Rules of Civil Procedure and/or

2  the Local Rules for the Northern District of California.

3      2.      Plaintiffs object to these Interrogatories to the extent that they seek information

4  that is not relevant to the claim or defense of any party in this action and/or is not reasonably

5  calculated to lead to the discovery of admissible evidence.

6      3.      Plaintiffs object to these Interrogatories to the extent that they seek the production

7  of information protected by the attorney client privilege, the attorney work product doctrine

8  and/or any other applicable privilege, immunity or protection. Inadvertent identification or

9  production of any such information shall not constitute a waiver of any privilege with respect to

10  the information produced or the subject matter thereof, or a waiver of Plaintiffs, right to object to

11  the use of any such information during trial or any subsequent proceeding.

12      4.      Plaintiffs object to these Interrogatories to the extent that they impose an undue

13  burden upon Plaintiffs, including searching for information: (i) that is not relevant to the claim or

14  defense of any party in this action and/or is not reasonably calculated to lead to the discovery of

15  admissible evidence; (ii) the value, if any, of which is substantially outweighed by the burden or

16  cost of searching for or locating it; or (iii) that is equally available to Defendant Abbott

17  Laboratories ("Defendant") or already in Defendant's possession.

18      5.      Plaintiffs object to these Interrogatories to the extent that they seek production of

19  information or documents not in the possession, custody, and/or control of Plaintiffs.

20      6.      Plaintiffs object to these Interrogatories to the extent that they seek documents or

21  information in the possession of Defendant, or which have been requested from Defendant but

22  which Defendant failed to provide.

23      7.      Plaintiffs object to these Document Requests to the extent that they constitute

24  premature contention requests.

25      8.      Plaintiffs object to these requests to the extent that they exceed the number of

26  interrogatories allowed under the Federal Rules of Civil Procedure and/or the Local Rules.

27      9.      Plaintiffs object to the form of these Interrogatories to the extent that they assume

28  facts; are vague, ambiguous, confusing, or otherwise incomprehensible; seek information not

1  calculated to lead to the discovery of admissible evidence; call for legal conclusions; call for

2  improper lay opinion; or call for speculation or conjecture.

3     10. Plaintiffs object to these requests to the extent they request documents or

4  information concerning downstream sales and/or the resale of pharmaceutical products below the

5  manufacturer level, which is not relevant, nor reasonably calculated to lead to the discovery of

6  admissible evidence. Because Plaintiffs have alleged an overcharge theory of damages and are

7  not seeking any damages relating to lost profits, any sales, profit, loss, or other "downstream"

8  information is not relevant to this case. *See Hanover Shoe v. United Shoe Machinery Corp.*, 392

9  U.S. 481 (1968); *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977); and *Kansas v. UtiliCorp*

10 *United, Inc.*, 497 U.S. 199 (1990).

11    11. By referring to material pursuant to these Interrogatories, Plaintiffs do not stipulate

12 or otherwise admit that any such materials are authentic, relevant or admissible. Plaintiffs

13 expressly reserve all objections to admission of such materials.

14    12. Plaintiffs object to the definitions and instructions section of Defendant's Request

15 to the extent that the definitions and instructions set forth herein exceed the requirements of the

16 Federal Rules of Civil Procedure, the Local Rules and/or seek to define terms in a manner other

17 than as normally defined. Without waiving this objection and subject to it, Plaintiffs will respond

18 to the requests for production in accordance with the Federal Rules of Civil Procedure, the Local

19 Rules and the ordinary usage of the English language.

20    13. Plaintiffs object to the definition of the terms "Plaintiffs," "you," and "your" in the

21 Interrogatories on the grounds that these definitions are vague and ambiguous, overly broad,

22 unduly burdensome, seek information beyond the scope of discovery pursuant to the Federal

23 Rules of Civil Procedure and/or the Local Rules of this Court and seek information not within the

24 possession, custody or control of Plaintiffs. In accordance with the Federal Rules of Civil

25 Procedure, Plaintiffs will provide responses based on information within its possession, custody

26 or control.

27

28

1    14.    Plaintiffs object to the definition of "communication" to the extent that the

2    definition is vague, ambiguous, unnecessarily broad, and is not calculated to lead to the discovery

3    of relevant evidence.

4    15.    Plaintiffs object to the definition of "document" to the extent that the definition is

5    vague, ambiguous, unnecessarily broad, is not calculated to lead to the discovery of relevant

6    evidence, and is broader than or different from the definition of "document" found in Fed. R. Civ.

7    P. 34.

8    16.    Plaintiffs object to the definition of "identify" to the extent that the definition is

9    vague, ambiguous, unnecessarily broad, is not calculated to lead to the discovery of relevant

10    evidence, calls for the production or identification of evidence not in the possession, custody, or

11    control of Plaintiffs, and calls for the provision of extraneous information not required under the

12    Federal Rules of Civil Procedure or Local Rules.

13    17.    Plaintiffs object to the attempt to "Definition No. 10" as it is vague, ambiguous,

14    unnecessarily broad, and calls for information not calculated to lead to the discovery of

15    admissible evidence.

16    18.    Plaintiffs object to the attempt to "Definition No. 11" as it is vague, ambiguous,

17    unnecessarily broad, and calls for information not calculated to lead to the discovery of

18    admissible evidence.

19    19.    Plaintiffs object to the definition of "Abbott Competitors" as it assumes facts not

20    in evidence, is vague and ambiguous, prejudicial, confusing, misleading, and is not reasonably

21    calculated to lead to the discovery of admissible evidence in that several corporations are

22    identified as competitors of Abbott who do not compete in the Boosted Protease Inhibitor Market

23    or Booster Protease Inhibitor Market, and calls for the production of evidence not relevant to this

24    litigation.

25    20.    Plaintiffs object to the definitions of "Antiretroviral Drugs" and "ARV Drugs" as

26    they assume facts not in evidence, are vague and ambiguous, prejudicial, confusing, misleading,

27    and are not reasonably calculated to lead to the discovery of admissible evidence in that the

28

1    definitions are over inclusive and/or under inclusive and identify drugs which are not part of the

2    relevant market.

3         21.    Plaintiffs object to the definitions of "Non Nucleoside Reverse Transcriptase

4    Inhibitors" and "NNRTIs" as they assume facts not in evidence, are vague and ambiguous,

5    prejudicial, confusing, misleading, and are not reasonably calculated to lead to the discovery of

6    admissible evidence in that the definitions are over inclusive and/or under inclusive and identify

7    drugs which are not part of the relevant market.

8         22.    Plaintiffs object to the definitions of "Nucleoside/Nucleotide Reverse

9    Transcriptase Inhibitors" and "NRTIs" as they assume facts not in evidence, are vague and

10   ambiguous, prejudicial, confusing, misleading, and are not reasonably calculated to lead to the

11   discovery of admissible evidence in that the definitions are over inclusive and/or under inclusive

12   and identify drugs which are not part of the relevant market.

13        23.    Plaintiffs object to the definitions of "Protease Inhibitors" and "PIs" as they

14   assume facts not in evidence, are vague and ambiguous, prejudicial, confusing, misleading, and

15   are not reasonably calculated to lead to the discovery of admissible evidence in that the

16   definitions are over inclusive and/or under inclusive and identify drugs which are not part of the

17   relevant market.

18        24.    Plaintiffs object to the definition of "Entry Inhibitors" as it assume facts not in

19   evidence, is vague and ambiguous, prejudicial, confusing, misleading, and not reasonably

20   calculated to lead to the discovery of admissible evidence in that the definition is over inclusive

21   and/or under inclusive and identify drugs which are not part of the relevant market.

22        25.    Plaintiffs object to the definition of "reflecting," "referring," "concerning," and

23   "relating to" as overbroad, vague and ambiguous.

24        26.    To the extent that the Interrogatories seek confidential and proprietary information

25   of Plaintiffs, if any such information will be produced, it will be produced pursuant to the terms

26   of the Protective Order in this case.

27

28

1      27.    Plaintiffs object to each interrogatory as unduly burdensome, oppressive, and

2    harassing to the extent they call upon or require Plaintiffs to perform any action or investigation

3    not required by the Federal Rules of Civil Procedure and/or the Local Rules of this Court.

4      28.    Plaintiffs object to "Instruction No. 1" as confusing and misleading, vague,

5    overbroad, ambiguous, and not reasonably calculated to lead to the discovery of admissible

6    evidence.

7      29.    Plaintiffs object to "Instruction No. 2" as unduly burdensome, harassing, imposing

8    obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules.

9      30.    Plaintiffs object to "Instruction No. 3" as unduly burdensome, harassing, imposing

10    obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules.

11      31.    Plaintiffs object to "Instruction No. 4" as unduly burdensome, harassing, imposing

12    obligations beyond those required by the Federal Rules of Civil Procedure and Local Rules.

13                          **RESERVATIONS AND DEFINITIONS**

14      1.    Plaintiffs' investigation into the facts and circumstances surrounding this litigation

15    is ongoing. Plaintiffs reserve the right to supplement these responses up to and including at the

16    time of trial. Plaintiffs also reserve the right to later object to any information provided herein that

17    would be inadmissible at trial.

18      2.    For purposes of these objections and responses:

19          a.    "Defendant" shall mean Abbott Laboratories.

20          b.    "Proposed Class" shall mean or refer to the persons or entities proposed as

21    a class as set forth in paragraph 47 of Plaintiffs' Consolidated Amended Complaint filed on

22    January 11, 2008.

23      Without waiving the general objections and the objections set forth in response to specific

24    Interrogatories, Plaintiffs respond, within the limits of these objections, as set forth below.

25

26

27

28

757043.1                              - 6 -              CASE NOS. C-07-5985-CW; C07-6010 (CW); C07-6118 (CW)

ANSWERS & OBJECTIONS OF PLAINTIFFS' TO ABBOTT LABORATORIES' FIRST SET OF INTERROGATOIRES TO PLAINTIFFS

## ANSWERS TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify all persons, including witnesses you intend to call at any hearing for class certification or trial, who have knowledge relating to any allegations, claims or defenses in the above captioned case and, for each such person, describe the subject matter of his or her knowledge.

**RESPONSE TO INTERROGATORY NO. 1:**

In addition to their general objections, Plaintiffs specifically object to this interrogatory on the ground that it constitutes a premature contention discovery request. Plaintiffs further object to this interrogatory because it is overbroad, compound, and seeks information which is not reasonably calculated to lead to discoverable evidence. Plaintiffs further object to this interrogatory to the extent it calls for confidential or personal information which is not relevant to this litigation. Plaintiffs further object because the time for the disclosure of Plaintiffs' trial witness lists has not yet occurred. Subject to and without waiving the foregoing objections, Plaintiffs may call the following individuals as witness in further proceedings in this litigation:

a.    Jaqueline DeBruler

Buyer, Merchandiser - Pharmacy / OTC

Meijer, Inc.

2929 Walker Avenue, N.W.

Grand Rapids, MI 49544

Ms. DeBruler can be contacted through counsel for Meijer, Inc.:

Linda Nussbaum, Esq.

KAPLAN FOX & KILSHEIMER, LLP

850 Third Avenue, 14th Floor

New York, NY 10022

Tel: (212) 687-1980

| | | |
|---|---|---|
| 1 | b. | Larry Doud |
| 2 | | Chief Executive Officer |
| 3 | | Rochester Drug Co-operative, Inc. |
| 4 | | 50 Jet View Drive |
| 5 | | Rochester, NY 146243 |
| 6 | | Mr. Doud can be contacted through counsel for Rochester Drug Co-operative, Inc.: |
| 7 | | Eric Cramer, Esq. |
| 8 | | BERGER & MONTAGUE, P.C. |
| 9 | | 1622 Locust Street |
| 10 | | Philadelphia, PA 19103 |
| 11 | | Tel: (215) 875-3000. |
| 12 | | |
| 13 | c. | Gayle R. White |
| 14 | | President and Marketing Manager |
| 15 | | Louisiana Wholesale Drug Co., Inc. |
| 16 | | P.O. Box 500 |
| 17 | | Sunset, LA 70584 |
| 18 | | Mr. White can be contacted through counsel for Louisiana |
| 19 | | Wholesale Drug Co., Inc.: |
| 20 | | Bruce Gerstein, Esq. |
| 21 | | GARWIN, GERSTEIN & FISHER, L.L.P. |
| 22 | | 1501 Broadway |
| 23 | | New York, NY 10036 |
| 24 | | Tel: (212) 398-0055 |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1    **INTERROGATORY NO. 2:**

2    　　Identify the Putative Class members of whom you are aware and, for each such member,

3    provide: (i) a full name and address; (ii) date of incorporation; and (iii) place of incorporation.

4    **RESPONSE TO INTERROGATORY NO. 2:**

5    　　In addition to their general objections, Plaintiffs further object to this interrogatory as

6    premature, overbroad and harassing to the extent it calls for information substantially in the

7    exclusive possession of Defendant or is available from public sources equally available to

8    Defendant. Plaintiffs further object to this request to the extent it calls for discovery from absent

9    members of the proposed class. Plaintiffs further object to this interrogatory because it is not

10    reasonably calculated to lead to the discovery of admissible evidence and the interrogatory is

11    unduly burdensome insofar as it seeks the date of incorporation and place of incorporation of all

12    members of the proposed class.

13    **INTERROGATORY NO. 3:**

14    　　For each Putative Class member identified in Interrogatory No. 2 above, please describe in

15    detail and quantify the injuries each suffered as a result of Abbott's allegedly exclusionary,

16    anticompetitive, and/or predatory conduct and include in your answer a description of (i) all ARV

17    Drugs, including PIs, that the Putative Class member has purchased or paid for since 2003;

18    (ii) the dates of each such purchase or payment; (iii) the entity from which the Putative Class

19    member purchased and/or to which the Putative Class member paid for such ARV Drugs; (iv) the

20    prices that the Putative Class member paid for such ARV Drugs; (v) the price at which the

21    Putative Class member sold such ARV Drugs to consumers, pharmacies, other retailers,

22    distributors, or any other entities or persons; and (vi) the amount of any payments or

23    reimbursements the Putative Class member received for the sale of such ARV Drugs.

24    **RESPONSE TO INTERROGATORY NO. 3:**

25    　　In addition to their general objections, Plaintiffs further object to this interrogatory as

26    premature and harassing to the extent it calls for information substantially in the exclusive

27    possession of Defendant. This request is also objectionable to the extent it calls for expert

28    analysis and testimony. Plaintiffs further object to this request to the extent it calls for discovery

1    from absent members of the proposed class. This request is overbroad to the extent it relates to

2    drugs outside of the relevant market. Plaintiffs object to this request to the extent it requests

3    information concerning the resale of pharmaceutical products below the manufacturer level,

4    which is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence.

5    Because Plaintiffs have alleged an overcharge theory of damages and are not seeking any

6    damages relating to lost profits, any sales, profit, loss, or other "downstream" information is not

7    relevant to this case. Subject to and without waiving these objections, Plaintiffs' injuries are in

8    the form of overcharges, that is, the amount by which Plaintiffs paid more for Norvir and Kaletra

9    than they otherwise would have paid absent Defendant's illegal conduct. All members of the

10   proposed class incurred the same injury. The extent of injury will be computed by economists

11   and/or other experts based, in part, on data from Defendant.

12   **INTERROGATORY NO. 4:**

13       Do you agree that the use of Ritonavir (Norvir®) and pharmaceutical formulations thereof

14   in combination with other protease inhibitors falls within the scope of one or more of the Abbott

15   Patents? If your answer is anything other than an unqualified "yes," please state your basis or

16   bases for disagreeing with this statement (including, but not limited to, any assertion by Plaintiffs

17   that one or more of the Abbott Patents are invalid) and identify any documents that you claim

18   support your position.

19   **RESPONSE TO INTERROGATORY NO. 4:**

20       In addition to their general objections, Plaintiffs specifically object to this Interrogatory on

21   the grounds that it constitutes a premature contention request. Plaintiffs further object to this

22   interrogatory because it is overbroad, compound and seeks discovery not reasonably calculated to

23   discoverable evidence. Plaintiffs further object to this interrogatory because it requires expert

24   analysis and expert reports are not yet due, and calls for information substantially in the exclusive

25   possession of Defendant. Plaintiffs further object to this Interrogatory in that it calls for legal

26   conclusions and analysis.

27

28

1  **INTERROGATORY NO. 5:**

2        Describe in detail every fact and/or document supporting your definition of the "Boosting

3  Market" and the "Boosted Market," as alleged in paragraph 43 of your Complaint, and identify all

4  of the products you contend are sold in each of these alleged markets.

5  **RESPONSE TO INTERROGATORY NO. 5:**

6        In addition to their general objections, Plaintiffs specifically object to this Interrogatory on

7  the grounds that it constitutes a premature contention request.  Plaintiffs further object to this

8  interrogatory because it is overbroad, compound and not reasonably calculated to lead to

9  discoverable evidence.  Plaintiffs further object to this interrogatory because it requires expert

10  analysis and expert reports are not yet due, and calls for information substantially in the exclusive

11  possession of Defendant.  Plaintiffs further object to this Interrogatory in that it calls for legal

12  conclusions and analysis.

13  **INTERROGATORY NO. 6:**

14        Describe in detail every act or omission by Abbott that you allege was exclusionary,

15  anticompetitive, and/or predatory and, for each act or omission, identify (i) the date of the act or

16  omission; (ii) all documents you claim support your allegation that the act or omission was

17  exclusionary, anticompetitive, and/or predatory; (iii) all individuals with knowledge of the act of

18  omission; and (iv) a description of each individual's relevant knowledge.

19  **RESPONSE TO INTERROGATORY NO. 6:**

20        In addition to their general objections, Plaintiffs specifically object to this Interrogatory on

21  the grounds that it constitutes a premature contention request.  Plaintiffs further object to this

22  interrogatory because it is overbroad, compound, confusing and misleading and is not reasonably

23  calculated to lead to discoverable evidence.  Plaintiffs further object to this interrogatory because

24  it requires or may require expert analysis and expert reports are not yet due, and calls for

25  information substantially in the exclusive possession of Defendant.  Plaintiffs further object to

26  this Interrogatory in that it calls for legal conclusions and analysis.

27

28

1    **INTERROGATORY NO. 7:**

2         Describe in detail the factual basis for, and any documents supporting, your allegation in

3    paragraph 41 of the Complaint that Abbott has engaged and/or is engaging in below-cost pricing

4    and identify all documents you claim support this allegation.

5    **RESPONSE TO INTERROGATORY NO. 7:**

6         In addition to their general objections, Plaintiffs specifically object to this Interrogatory on

7    the grounds that it constitutes a premature contention request.  Plaintiffs further object to this

8    interrogatory because it is overbroad.  Plaintiffs further object to this interrogatory because it

9    requires or may require expert analysis and expert reports are not yet due, and calls for

10   information substantially in the exclusive possession of Defendant.  Plaintiffs further object to

11   this Interrogatory in that it calls for legal conclusions and analysis.

12   **INTERROGATORY NO. 8:**

13        Describe in detail the damages or monetary compensation you are seeking in this lawsuit

14   on behalf of the named Plaintiffs and on behalf of the Putative Class as a whole, any methods that

15   have been used to estimate or calculate such damages or monetary compensation, and any

16   documents supporting or relating to said estimates or calculations.

17   **RESPONSE TO INTERROGATORY NO. 8:**

18        In addition to their general objections, Plaintiffs specifically object to this Interrogatory on

19   the grounds that it constitutes a premature contention request.  Plaintiffs further object to this

20   interrogatory because it is overbroad.  Plaintiffs further object to this interrogatory because it

21   requires expert analysis and expert reports are not yet due, and calls for information substantially

22   in the exclusive possession of Defendant.  Plaintiffs further object to this Interrogatory in that it

23   calls for legal conclusions and analysis. Subject to and without waiving these objections,

24   Plaintiffs' injuries are in the form of overcharges, that is, the amount by which Plaintiffs paid

25   more for Norvir and Kaletra than they otherwise would have paid absent Defendant's illegal

26   conduct.  All members of the proposed class incurred the same injury.  The extent of injury will

27   be computed by economists and/or other experts based, in part, on data from Defendant.

28

1

2      Dated: April 7, 2008                    BERGER & MONTAGUE, P.C.

3                                              By: *Eric L. Cramer / pls*
                                               Daniel Berger
                                               *danberger@bm.net*
4                                              Eric L. Cramer (*Pro Hac Vice*)
                                               *ecramer@bm.net*
5                                              David F. Sorensen
                                               *dsorensen@bm.net*
6                                              1622 Locust Street
                                               Philadelphia, PA 19103
7                                              Telephone:    (215) 875-3000
                                               Facsimile:    (215) 875-4604
8
                                               *Counsel for Plaintiff Rochester Drug Cooperative, Inc.*
9

10                                             GARWIN GERSTEIN & FISHER, LLP
                                               Bruce E. Gerstein (*Pro Hac Vice*)
11                                             *bgerstein@garwingerstein.com*
                                               Noah H. Silverman (*Pro Hac Vice*)
12                                             *nsilverman@garwingerstein.com*
                                               1501 Broadway, Suite 1416
13                                             New York, New York 10036
                                               Tel: (212) 398-0055
14                                             Fax: (212) 764-6620

15                                             *Counsel for Plaintiff Louisiana Wholesale Drug Co., Inc.*

16
                                               KAPLAN FOX & KILSHEIMER LLP
17                                             Linda Nussbaum (*Pro Hac Vice*)
                                               *lnussbaum@kaplanfox.com*
18                                             John Radice (*Pro Hac Vice*)
                                               *jradice@kaplanfox.com*
19                                             850 Third Avenue
                                               New York, NY 10022
20                                             Tel: (212) 687-1980
                                               Fax: (212) 687-7714
21
                                               *Counsel for Plaintiffs Meijer, Inc. and Meijer Distribution,*
22                                             *Inc.*

23

24

25

26

27

28