# Exhibit 3

# LATHAM&WATKINS LLP

505 Montgomery Street, Suite 2000
San Francisco, California 94111-6538
Tel: +1.415.391.0600  Fax: +1.415.395.8095
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Barcelona | New Jersey |
| Brussels | New York |
| Chicago | Northern Virginia |
| Frankfurt | Orange County |
| Hamburg | Paris |
| Hong Kong | San Diego |
| London | San Francisco |
| Los Angeles | Shanghai |
| Madrid | Silicon Valley |
| Milan | Singapore |
| Moscow | Tokyo |
| Munich | Washington, D.C. |

May 21, 2008

The Honorable Claudia Wilken
United States District Court for the
  Northern District of California
U.S. Courthouse
1301 Clay Street
Oakland, California 94612-5212

      RE:    Meijer, Inc., et al. v. Abbott Laboratories
              U.S.D.C. N.D. Cal., Nos. 07-5985, 07-6010, and 07-6118

Dear Judge Wilken:

      We represent McKesson Corporation, a national wholesaler of pharmaceutical and other medical products. McKesson purchases Norvir® and Kaletra® directly from defendant Abbott Laboratories, and has for many years. As such, it appears that McKesson would be a member of the class proposed by Meijer, Inc. and Meijer Distribution, Inc., Rochester Drug Co-Operative, Inc., and Louisiana Wholesale Drug Company, Inc. ("Plaintiffs") in their respective complaints which we have reviewed. We understand from counsel for Plaintiffs that the Court is considering a request by Abbott to pursue so-called "downstream" discovery directed at Plaintiffs. Abbott has also served a subpoena upon McKesson for "downstream" discovery.

      We have reviewed Abbott's motion urging the allowance of this discovery. Abbott asserts that it needs the downstream discovery to determine whether this litigation would be in the interests of certain absent class members, including McKesson, and whether McKesson should remain an absent member of the proposed class represented by Plaintiffs. Abbott has suggested that the interests of the named Plaintiffs may be antagonistic to the interests of certain class members (including McKesson).

      To assist the Court in its consideration of Abbott's request for "downstream" data and documents, as well as the underlying motion for class certification, we offer the following observations. First, gathering and producing the documents responsive to the downstream requests would be significantly burdensome and expensive. Abbott is essentially asking for, among other things, records regarding literally hundreds of thousands of transactions, reflecting sales of Norvir® and Kaletra® (among other drugs) to thousands of customers over six years. This would involve gathering documentary and electronic records from a number of sources including burdensome searches of massive computer database storage systems.

**LATHAM&WATKINS**LLP

Second, we believe that McKesson is in a better position than Abbott to assess what is (and is not) in the interests of McKesson. McKesson has been a class member in many very similar antitrust class actions over the course of the last five years and has been advised in all of those matters by both in-house and outside counsel, in addition to court-appointed class counsel. McKesson has decided that: (a) its interests are best served by the action proceeding as a class action with McKesson as part of the Class; and (b) the named plaintiffs and their counsel – including these named Plaintiffs and their counsel here -- are capable of representing McKesson's interests for purposes of the class action.

Third, McKesson does not believe there is any antagonism or conflict between McKesson's overall economic and legal interests and the interests of the Plaintiffs in pursuing overcharge damages in the above-captioned class action. Defendants in several of the previous antitrust actions have raised the same "antagonism" argument as a rationale for downstream discovery, and, like here, McKesson has objected. Other courts have found these objections to be meritorious. For example, Abbott recently requested this very same "downstream discovery" from the plaintiffs and McKesson in the case entitled *In re Tricor Direct Purchaser Antitrust Litigation*, No. 05-340 (D. Del.), which request was denied by the Court by Order dated March 6, 2006. Rejecting the relevance of this discovery, the court specifically stated during oral argument: "I don't see how that [Abbott's assertion that certain class members may have benefited from the challenged conduct] creates a conflict."

Very truly yours,

Peter K. Huston
of LATHAM & WATKINS LLP

SF\656134.1