Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone: 415-591-1000
Facsimile: 415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone: 312-558-5600
Facsimile: 312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20007
Telephone: 202-282-5000
Facsimile: 202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SMITHKLINE BEECHAM CORPORATION, d/b/a GLAXOSMITHKLINE, <br><br> Plaintiff, <br><br> vs. <br><br> ABBOTT LABORATORIES, <br><br> Defendant. <br><br> [caption continues next page] | **Case No. C 07-5702 CW** <br><br> *Related Per November 19, 2007 Order to Case No. C 04-1511 CW* <br><br> **MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date: July 8, 2008 <br> Time: 2:00 p.m. <br> Courtroom: 2 (4th Floor) <br> Judge: Hon. Claudia Wilken |

---

ABBOTT LABORATORIES' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) - CASE NOS. C 07-5702, C 07-5470, C 07-5985, C 07-6010, C 07-6118

| | |
|---|---|
| SAFEWAY INC.; WALGREEN CO.; THE KROGER CO.; NEW ALBERTSON'S, INC.; AMERICAN SALES COMPANY, INC.; and HEB GROCERY COMPANY, LP, <br><br>  Plaintiffs, <br><br>  vs. <br><br> ABBOTT LABORATORIES, <br><br>  Defendant. | **Case No. C 07-5470 CW** <br><br> *Related Per October 31, 2007 Order to Case No. C 04-1511 CW* <br><br> **MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date:  July 8, 2008 <br> Time:  2:00 p.m. <br> Courtroom:  2 (4th Floor) <br> Judge:  Hon. Claudia Wilken |
| RITE AID CORPORATION; RITE AID HDQTRS, CORP.; JCG (PJC) USA, LLC; MAXI DRUG, INC. d/b/a BROOKS PHARMACY; ECKERD CORPORATION; CVS PHARMACY, INC.; and CAREMARK, L.L.C., <br><br>  Plaintiffs, <br><br>  vs. <br><br> ABBOTT LABORATORIES, <br><br>  Defendant. | **No. C 07-6120 CW** <br><br> *Related Per December 5, 2007 Order to Case No. C 04-1511 CW* <br><br> **MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date:  July 8, 2008 <br> Time:  2:00 p.m. <br> Courtroom:  2 (4th Floor) <br> Judge:  Hon. Claudia Wilken |
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated, <br><br>  Plaintiffs, <br><br>  vs. <br><br> ABBOTT LABORATORIES, <br><br>  Defendant. <br><br> [caption continues next page] | **Case No. C 07-5985 CW** <br><br> *Related Per October 31, 2007 Order to Case No. C 04-1511 CW* <br><br> **MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)** <br><br> Date:  July 8, 2008 <br> Time:  2:00 p.m. <br> Courtroom:  2 (4th Floor) <br> Judge:  Hon. Claudia Wilken |

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　Defendant. | **Case No. C 07-6010 CW**<br><br>*Related Per October 31, 2007 Order to Case No. C 04-1511 CW*<br><br>**MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date:　　July 8, 2008<br>Time:　　2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:　　Hon. Claudia Wilken |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>ABBOTT LABORATORIES,<br><br>　　　　　Defendant. | **Case No. C 07-6118 CW**<br><br>*Related Per October 31, 2007 Order to Case No. C 04-1511 CW*<br><br>**MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Date:　　July 8, 2008<br>Time:　　2:00 p.m.<br>Courtroom: 2 (4th Floor)<br>Judge:　　Hon. Claudia Wilken |

**NOTICE OF MOTION**

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on July 8, 2008 at 2:00 p.m., or as soon thereafter as the matter may be heard in Courtroom 2, before the Honorable Claudia Wilken, in the United States District Court for the Northern District of California, Oakland Division, defendant Abbott Laboratories will move this Court pursuant to 28 U.S.C. § 1292(b) to amend its April 11, 2008, Order and certify for interlocutory appeal a question of law concerning the proper application of *Cascade Health Solutions v. Peacehealth*, 515 F.3d 883 (9th Cir. 2008), in these cases. This motion is supported by the accompanying Memorandum of Points and Authorities and such other argument and evidence as may be presented at the hearing on the motion.

**INTRODUCTION**

In its recent summary judgment order in *Doe/SEIU*, the Court denied the motion for § 1292(b) relief in that case in light of the August 2008 trial date, but noted that it "will entertain the possibility of Abbott pursuing an interlocutory appeal in the related cases." (May 16, 2008, Order at 19). Pursuant to that invitation, Abbott seeks certification under § 1292(b) in these six related cases of the following question of law:

> Whether this case warrants an exception to the Ninth Circuit's decision in *Cascade Health Solutions v. PeaceHealth*, 515 F.3d 883 (9th Cir. 2008), which held that the "[Supreme] Court's opinions strongly suggest that, in the normal case, above-cost pricing will not be considered exclusionary conduct for antitrust purposes," *id.* at 901, and that "the appropriate measure of costs [in this context] is average variable cost." *Id.* at 910.

An interlocutory appeal on this question is appropriate under 28 U.S.C. § 1292(b) because it presents a "controlling question of law" over which "there is substantial ground for difference of opinion," and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

1

ABBOTT LABORATORIES' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) - CASE NOS. C 07-5702, C 07-5470, C 07-5985, C 07-6010, C 07-6118

The question is "controlling" because it could very well end this case. And there is "substantial ground for difference of opinion" because, as the Court has recognized, there is no precedent in this circuit for any exception to the Supreme Court's below-cost rule. In *Brooke Group*, the Supreme Court left open the hypothetical possibility – strictly as a "formal matter" – that a legitimate exception to the below-cost rule might exist. 509 U.S. 209, 223 (1993). But other than the Third Circuit in *LePage's*, no court has ever identified any such exception. And the Ninth Circuit has specifically rejected *LePage's* exception, which means there is no recognized exception in the Ninth Circuit. Finally, resolving the proposed question would "materially advance" this litigation because in addition to potentially ending the case, that question could radically change the focus of this case on the central issue of whether Abbott's pricing is exclusionary as a matter of law.

Under these circumstances, Abbott believes that an interlocutory appeal is appropriate and, indeed, the most sensible way to proceed at this point. The Court and the parties all have an interest in ensuring that these six cases – which involve eighteen plaintiffs and a potential class action – are resolved under the correct legal standard. If the Court of Appeals were to later disagree with this Court's proposed exception to the below-cost rule, the result would be a truly massive waste of resources for all involved. That is precisely what § 1292(b) is designed to guard against.

**ARGUMENT**

According to Plaintiffs, Abbott increased the price of Norvir by 400% in order to make Kaletra a "bargain" compared to the combined use of a competitor's PI plus Norvir. On April 18, 2008, this Court denied Abbott's motion to dismiss through the creation of a new exception to the Supreme Court's and the Ninth Circuit's below-cost rule. The question of whether any such exception exists satisfies each of the three statutory requirements for an interlocutory appeal. 18 U.S.C. § 1292(b).

**A.    The Proposed Issue For Certification Involves A Controlling Question Of Law.**

The disputed question is plainly a controlling question of law. "All that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Thus, questions of whether a claim exists as a matter of law, or whether

2

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

1 a defense defeats a claim, are controlling questions of law. *Palmer v. Sanderson*, 9 F.3d 1433, 1434

2 (9th Cir. 1993); *Total T.V. v. Palmer Comms., Inc.*, 69 F.3d 298, 300-01 (9th Cir. 1995). As one

3 commentator has noted: "If resolution of the question being challenged on appeal will terminate the

4 action in the district court, it is clearly controlling." 19 *Moore's Federal Practice* § 203.31[2], at

5 203-87 (Matthew Bender 3d ed.).

6 Whether an exception to the below-cost rule applies here is clearly a controlling question. If

7 the Court of Appeals concludes that the below-cost rule applies in these cases, the GSK, Safeway

8 and Rite Aid complaints must be dismissed because they fail to allege below-cost pricing. And even

9 if those plaintiffs could theoretically amend their complaints (as the Meijer Plaintiffs did with a

10 conclusory below-cost allegation), the application of the below-cost rule would radically alter this

11 case and materially affect its outcome. This is especially true considering that, as the Court noted,

12 "the cost of manufacturing Kaletra pills is negligible – most likely only a few cents per pill." *Meijer,*

13 *Inc. v. Abbott Labs.*, __ F.3d __, 2008 WL 1734867, at *6 (N.D. Cal Apr. 11, 2008).

### B. There Is Substantial Ground For Difference Of Opinion As To Whether This Case Warrants An Exception From The Below-Cost Rule.

16 There also is a "substantial ground for difference of opinion" on the disputed question. This

17 Court has created the first and only exception to the below-cost rule in the Ninth Circuit (or, for that

18 matter, in any circuit outside of the Third Circuit). As the Ninth Circuit has noted, a series of

19 Supreme Court cases "strongly suggest" that only below-cost prices are "considered exclusionary

20 conduct for antitrust purposes." *Cascade*, 515 F.3d at 901.

21 Indeed, the Supreme Court has come very close to shutting the door on *any* possible

22 exception to the below-cost rule. In *Brooke Group v. Brown & Williamson Tobacco Corp.*, the

23 Supreme Court stated that although earlier cases "reserved ***as a formal matter*** the question whether

24 recovery should <u>***ever***</u> be available . . . when the pricing in question is above some measure of

25 incremental cost, the reasoning in [those cases] suggests ***that only below-cost prices should suffice***.

26 509 U.S. 209, 223 (1993) (internal quotations omitted) (underling in original; other emphasis added).

27 The Court went on to note that "we have rejected elsewhere the notion that above-cost prices that are

28 below general market levels or the costs of a firm's competitors inflict injury to competition

3

ABBOTT LABORATORIES' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) - CASE NOS. C 07-5702, C 07-5470, C 07-5985, C 07-6010, C 07-6118

cognizable under the antitrust laws." *Id*. Thus, the Supreme Court held that "a plaintiff seeking to establish competitive injury resulting from a rival's low prices ***must prove*** that the prices complained of are below an appropriate measure of its rival's costs." *Id*. at 222 (emphasis added).

That holding demonstrates that the Supreme Court had no exceptions in mind, a fact further evidenced by its finding that any standard other than the below-cost standard would lead to "perverse result[s]" by discouraging comparatively lower prices. *Id.* at 223. The Supreme Court recognized that, although below-cost pricing is "not easy to establish," this test reflects an "essential component[] of real market injury." *Id.* at 226. Above-cost pricing, the Court explained, "represents competition on the merits, or is beyond the practical ability of a judicial tribunal to control without courting intolerable risks of chilling legitimate price-cutting." *Id.* at 223.

Despite the Supreme Court's near-definitive rejection of any possible exception to the below-cost rule, the Third Circuit in *LePage's Inc. v. 3M*, 324 F.3d 141 (3d Cir. 2003) (en banc) created an exception for bundled discounts. But the Ninth Circuit has now rejected that purported exception, holding that – just as with any other claim of exclusionary pricing – bundled discounts are not exclusionary as a matter of law absent below-cost pricing (as measured through discount allocation). *Cascade*, 515 F.3d at 898-901. In support, the Ninth Circuit noted that the Supreme Court has emphasized that "the ***broad application*** of the principle that only below-cost prices are anticompetitive" applies to unilateral pricing decisions "'***regardless of the type of antitrust claim involved***.'" *Id.* at 901 (quoting *Brooke Group,* 509 U.S. at 223) (emphasis added). The Ninth Circuit also relied on *Weyerhaeuser Co. v. Ross-Simmons Hardwood Lumber Co.*, 127 S. Ct. 1069, 1078 (2007), which extended the below-cost requirement to "cases in which the plaintiff alleges that the defendant engaged in predatory bidding – the practice of bidding up input costs to drive rivals out of business." *Id*. at 901.

In a holding that Abbott believes applies here, the Ninth Circuit specifically rejected *LePage's* because it contradicts *Brooke Group* and *Weyerhauser* and because "*LePage's* 'offers no clear standards by which firms can assess whether their bundled rebates are likely to pass antitrust muster.'" *Cascade*, 515 F.3d at 898 (quoting Antitrust Modernization Comm'n, *Report and*

4

*Recommendations* 94 (2007)). Here, as in *LePage's*, this Court created a below-cost exception that leaves "no clear standards" for judging whether Abbott's prices are exclusionary. *Id.*

Although *Cascade* specifically rejected the only purported exception to the below-cost rule, this Court relied on *Cascade* to create a new exception for the particular antitrust theory asserted against Abbott. The Court explained that the Ninth Circuit had "implicitly" acknowledged that a hypothetical exception might exist for atypical cases – that is, cases that "fall outside of the situation where only below-cost pricing will have the effect of inhibiting competition." *Meijer*, 2008 WL 1734867 at *6 (emphasis added). The Court similarly noted that "the Ninth Circuit viewed the Supreme Court's opinions as 'strongly suggest[ing] that, *in the normal case*, above-cost pricing will not be considered exclusionary conduct for antitrust purposes,'" thus implying that atypical (or not-normal) cases may warrant a new exception to the below-cost rule. *Id.* (quoting *Cascade*, 515 F.3d at 901).

Based on the "normal case" qualifier, this Court created an exception for this case – an exception that is based on "the unique structural characteristics of the pharmaceutical industry, where fixed costs in the form of investment in research and development dwarf variable costs," including the "negligible" "cost of manufacturing Kaletra pills." *Id.* at *6-*7. The Court concluded "that the present cases fall within the exception contemplated by *Cascade*, and thus Plaintiffs need not allege or show that the imputed price of the lopinavir portion of Kaletra is less than Abbott's average variable cost of producing it." *Id.* at *7.

There are reasonable grounds for a difference of opinion about that holding and, in particular, about whether a new exception should be created based on the high cost of R&D for pharmaceutical products. R&D costs are, in Abbott's view, logically irrelevant to determining whether prices are exclusionary. Courts condemn prices as "exclusionary" only when they have a tendency to "drive competitors out of business" – an inquiry that focuses solely on whether prices are below incremental costs. *Weyerhaeuser*, 127 S. Ct. at 1074. Fixed costs, such as R&D, are simply not relevant to analyzing whether prices have any such exclusionary tendency.

Existing competitors (such as Abbott's seven competitors) have *already* incurred R&D costs, which make those costs irrelevant to their decision about whether to continue selling and,

5

consequently, irrelevant to whether the disputed prices have any exclusionary effect. As long as there is profit in the competitor's next sale – *i.e.*, the price is higher than the incremental cost of that particular sale – it makes economic sense to continue selling and, thus, competition will not be eliminated. The Ninth Circuit has confirmed this precise point, explaining that "[p]rices below the average total cost of production, but above the average variable cost . . . will be sufficient to recover the variable costs of production and at least some portion of the firm's fixed costs – those costs that would remain even if the firm ceased production. *To discontinue production under these circumstances would increase losses because even that portion of its total fixed costs would be lost*." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co.*, 668 F.2d 1014, 1035 (9th Cir. 1981) (emphasis added). In other words, "[w]hen prices exceed incremental costs, one cannot argue that they must rise for the firm to stay in business. Nor will such prices have a tendency to exclude or eliminate equally efficient competitors." *Barry Wright Corp. v. ITT Grinnell Corp.*, 724 F.2d 227, 232 (1st Cir. 1983).

*Cascade*, which involved hospital services, reflects the same point. Building a new hospital can cost more than a billion dollars. (*See* http://pub.ucsf.edu/today/cache/feature/200711213.html). Thus, prices only slightly above incremental costs would exclude new competitive hospitals because nobody would spend that amount building a new hospital if profit margins were too thin to ever recover that massive fixed investment. But when deciding whether PeaceHealth's pricing was exclusionary, the Ninth Circuit ignored the high fixed cost of building hospitals and its effect on potential future market entrants, instead focusing solely on whether the prices tended to exclude existing competition by being below average variable costs. *Cascade*, at 515 F.3d at 901.

Courts have similarly noted – repeatedly – that pricing that permits competitors to continue to profitably compete are of "*no concern to the antitrust laws.*" *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421 (9th Cir. 1995) (emphasis added); *accord Wallace v. IBM Corp.*, 467 F.3d 1104, 1106 (7th Cir. 2006) (emphasis added) ("[w]hen exit does not occur, or recoupment is improbable even if some producers give up the market, *there is no antitrust problem*."); *R.J. Reynolds Tobacco Co. v. Cigarettes Cheaper*, 462 F.3d 690, 695 (7th Cir. 2006) (upholding summary judgment where no competitor was driven from the market six years after alleged predatory pricing); *Stearns Airport*

6

ABBOTT LABORATORIES' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL
PURSUANT TO 28 U.S.C. § 1292(b) - CASE NOS. C 07-5702, C 07-5470, C 07-5985, C 07-6010, C 07-6118

*Equip. Co. v. FMC Corp.*, 170 F.3d 518, 529-530 (5th Cir. 1999) (affirming summary judgment where the plaintiff failed to introduce evidence that its survival is threatened, or that it will be driven from the market); Phillip Areeda, *Monopolization, Mergers, and Markets: A Century Past and the Future*, 75 Cal. L. R. 959, 965-966 (May 1997) (pricing raises no antitrust concerns when "rivals survive or entry occurs").

For all of these reasons, Abbott respectfully suggests there are substantial grounds for a difference of opinion over whether a new exception should be created for this particular case, especially considering the narrow (and maybe nonexistent) opening left by the Supreme Court (suggesting the question is open only "as a formal matter") and the Ninth Circuit (emphasizing the below-cost rule applies to any "normal case").

### C. The Proposed Interlocutory Appeal Would Materially Advance The Ultimate Termination Of This Litigation.

Finally, an interlocutory appeal "may materially advance the ultimate termination of this litigation." 18 U.S.C. § 1292(b). The parties have just begun taking discovery, and trial is not scheduled to begin until November 2, 2009. (Dec. 17, 2007, Scheduling Order at 1). Thus, the requested certification for interlocutory appeal, if granted and accepted by the Court of Appeals, would very likely yield much-needed appellate guidance before trial as to the proper exclusionary conduct standard governing this case.

Pre-trial appellate guidance could substantially lessen the likelihood that this group of six cases – involving eighteen plaintiffs, including a potential class action – would be tried under an incorrect legal standard and thus have to be re-tried after direct appeal. In fact, as discussed above, if the Court of Appeals were to conclude that the below-cost standard applies, the complaints in this case would have to be dismissed for failure to allege below-cost pricing.

7

ABBOTT LABORATORIES' MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) - CASE NOS. C 07-5702, C 07-5470, C 07-5985, C 07-6010, C 07-6118

**CONCLUSION**

For the reasons set forth above, Abbott respectfully requests that its motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) be granted.

Dated: June 3, 2008                          WINSTON & STRAWN LLP


By:   /s/ James F. Hurst

James F. Hurst
Attorneys for Defendant
ABBOTT LABORATORIES