Nicole M. Norris (SBN 222785)
WINSTON & STRAWN LLP
101 California Street, Suite 3900
San Francisco, CA 94111-5894
Telephone:   415-591-1000
Facsimile:    415-591-1400
Email: nnorris@winston.com

James F. Hurst (*Admitted Pro Hac Vice*)
David J. Doyle (*Admitted Pro Hac Vice*)
Samuel S. Park (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601-9703
Telephone:   312-558-5600
Facsimile:    312-558-5700
Email: jhurst@winston.com; ddoyle@winston.com; spark@winston.com

Charles B. Klein (*Admitted Pro Hac Vice*)
WINSTON & STRAWN LLP
1700 K Street, N.W.
Washington, D.C. 20007
Telephone:   202-282-5000
Facsimile:    202-282-5100
Email: cklein@winston.com

Attorneys for Defendant
ABBOTT LABORATORIES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

| | |
|---|---|
| MEIJER, INC. & MEIJER DISTRIBUTION, INC., on behalf of themselves and all others similarly situated, | **Case No. CV 07-5985 CW** |
| | *Related by Order to:* |
| Plaintiffs, | *Case No. CV 04-1511 CW* |
| vs. | **ABBOTT LABORATORIES' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE** |
| ABBOTT LABORATORIES, | |
| Defendant. | The Honorable Judge Wilken |
| [caption continues next page] | |

ABBOTT LABORATORIES' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE
CASE NOS. CV 07-5985, CV 07-6010, CV 07-6118

| | |
|---|---|
| ROCHESTER DRUG CO-OPERATIVE, INC., on behalf of itself and all others similarly situated, | **Case No. CV 07-6010 CW** |
| | *Related by Order to:* |
| Plaintiffs, | *Case No. CV 04-1511 CW* |
| vs. | **ABBOTT LABORATORIES' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE** |
| ABBOTT LABORATORIES, | |
| Defendant. | The Honorable Judge Wilken |
| | |
| LOUISIANA WHOLESALE DRUG COMPANY, INC., on behalf of itself and all others similarly situated, | **Case No. CV 07-6118 CW** |
| | *Related by Order to:* |
| Plaintiffs, | *Case No. CV 04-1511 CW* |
| vs. | **ABBOTT LABORATORIES' OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE** |
| ABBOTT LABORATORIES, | |
| Defendant. | The Honorable Judge Wilken |

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

Plaintiffs have moved to strike or, in the alternative, for the Court to consider its incorporated sur-reply because Abbott purportedly raised new arguments in its reply brief. But Plaintiffs' arguments belie the very premise of their motion. According to Plaintiffs' own words, Abbott's "new theory is really the same as the old theory," and "Abbott's newest round of speculation as to conflict is, at root, the same flawed, legally irrelevant theory of conflict" addressed in Abbott's moving papers. (Mot. at 3, 5). Their purported basis for challenging "new" arguments is thus highly suspect.

As demonstrated below, Plaintiffs' motion to strike should be summarily denied for three reasons. First, the motion is untimely and appears to be tactically motivated, coming almost two weeks after the conclusion of briefing on Abbott's motion to compel and only two business days before Abbott's opposition to class certification is due. Second, Plaintiffs' request to strike Abbott's *entire reply* is overbroad and based on the meritless claim that Abbott raised new arguments in two pages of its reply brief—arguments that appear prominently in Abbott's opening brief. Third, Plaintiffs' request to have their brief accepted as a sur-reply is procedurally improper and, in any event, their proposed brief is completely unhelpful to the Court because it merely regurgitates old arguments from their opposition. In fact, most of these regurgitated arguments have no bearing on Abbott's arguments that purportedly are "new."

**I.     Plaintiffs' Motion Should Be Summarily Denied As Untimely And Because It Appears To Further Unfair Litigation Tactics.**

Plaintiffs provide no explanation for why it took them almost two weeks to file a motion to strike a reply brief filed pursuant to an expedited briefing schedule. In fact, they took twice as much time to file the motion to strike as Abbott took to respond to their opposition brief. If Plaintiffs really were concerned about purportedly new arguments raised in Abbott's reply brief, they most certainly would have filed their motion to strike much earlier.

It seems suspiciously coincidental that Plaintiffs' motion to strike comes just two days after Abbott moved for an enlargement of time to respond to the motion for class certification—a request for an extension that most lawyers would grant as a professional courtesy, but Plaintiffs have said they intend to oppose—and only two business days before the current deadline for Abbott's

opposition to the class certification motion. During several meet-and-confers concerning the class certification briefing schedule and other discovery matters, Plaintiffs never once mentioned their intention to move to strike until the day after Abbott filed its motion for enlargement. Consequently, it certainly appears as if Plaintiffs seek to "run out the clock" and delay the Court's decision on the motion to compel downstream discovery until after Abbott is required to oppose class certification.

Although it is unclear what tactical advantage Plaintiffs hope to gain, their efforts are inappropriate. The motion should be denied on this basis alone. At a very minimum, the Court should order that the class certification briefing proceed in an orderly fashion by granting the pending motion for enlargement.

## II. Plaintiffs' Motion Also Should Be Denied Because They Provide No Legal Or Factual Bases For Striking Abbott's Entire Reply, Or Any Portion Of It.

Plaintiffs ask this Court to strike Abbott's *entire reply* because they claim they were not afforded an opportunity to respond to purportedly new arguments addressed in only two pages of the fifteen-page brief. (Mot. at 4 (citing Reply at 4-5)). Plaintiffs fail to cite a single rule or decision that would authorize such a manifestly unfair and overbroad request. Instead, they cite a series of inapposite cases standing for the simple proposition that a party does not preserve for appeal any new grounds raised in a reply. (*Id*. at 4). These cases provide no legal support for the proposition that this Court has authority to strike portions of Abbott's reply—much less the whole thing—because it purports to raise new arguments.

Even if there were legal support for their request, Plaintiffs still have provided no factual basis for their motion. Though it is difficult to discern, Plaintiffs appear to characterize two arguments in Abbott's reply as "new." But both arguments were addressed in Abbott's moving papers.

First, Plaintiffs point to Abbott's intra-class conflict argument that "Plaintiffs' alternate ways of proving Abbott's liability could somehow differentially affect class members." (Mot. at 3). But this very point was raised in Dr. Hay's original declaration accompanying Abbott's motion to compel, which stated in relevant part:

> The fundamental conflict of interest between the proposed class is evidence from the two methods suggested by plaintiffs' economic expert, Dr. Hal Singer, for computing the 'overcharges' allegedly paid by direct purchasers. . . . [W]holesalers that profit from higher Norvir and Kaletra prices would prefer a remedy based on the *Cascade* standard rather than one that causes Abbott to roll back the price of Norvir to pre-December 2003 levels. Other members of the purported class may prefer a roll-back of the Norvir price increase.

(Hay Decl., 5/12/08, at ¶¶ 26-27).

Second, Plaintiffs point to Abbott's argument that it would likely have to "adjust its prices in the future differently, depending on the theory of liability by which Plaintiffs establish the illegality of Abbott's conduct"—assuming, for the sake of argument, that Plaintiffs could prove this theory. (Mot. at 5). But, again, this identical argument appeared in Dr. Hay's original declaration: "If liability were ever established, the ultimate determination of the proper measure of damages would not only determine the size of the damages award in this case, but also may determine Abbott's pricing of Norvir and Kaletra going forward." (Hay Decl., 5/12/08, at ¶ 27).

These positions did not just appear in the expert declaration accompanying Abbott's motion, they were also summarized in Abbott's motion, which stated: "Abbott's expert explained in the attached declaration the economic and structural basis for why some members of the putative class—namely, national wholesalers—likely have benefited from the increases in the prices of Norvir and Kaletra and, thus, may not have an interest in litigation that results in a substantial and sustained decrease in the prices for those drugs." (Mot. to Compel, 5/12/08, at 16).

In view of these previous statements, Plaintiffs' belated claim that Abbott presented these arguments for the first time in reply is baffling. Again, the meritless nature of their arguments in combination with their timing suggest that the brief is a mere pretext for unfair litigation tactics.

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

### III. Plaintiffs' Motion For Leave To Accept Their Brief As A Sur-Reply Should Be Denied As Improper And Unhelpful To The Court.

This Court should also deny Plaintiffs' request for leave to treat their brief as a sur-reply. As an initial matter, such a request is procedurally improper. Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval." Instead of waiting to obtain leave, however, Plaintiffs simply incorporated their proposed sur-reply in their motion for leave, presenting page-after-page of arguments further opposing Abbott's motion to compel.

Indeed, the entire Section III of Plaintiffs' motion does not even purport to relate to any supposedly "new" arguments presented in Abbott's reply. Instead, in an apparent attempt to get the "last word," Plaintiffs simply regurgitate six arguments from their opposition that Abbott discredited in its reply:

- Plaintiffs argue, as they did in their opposition, that Abbott's requested discovery is precluded by *Illinois Brick Co. v. Illinois*, 431 U.S. 720 (1977), and that the overwhelming weight of authority prohibits any inquiry into the extent to which class members "pass on" overcharges. (Mot. at 5-6). As Abbott explained in both its opening brief and reply, however, and as was recognized by the Eleventh Circuit in *Valley Drug Co. v. Geneva Pharmas., Inc.*, 350 F.3d 1181 (11th Cir. 2003), the Supreme Court's decision in *Illinois Brick* does not address a party's burden to satisfy the requirements of Rule 23, and Abbott's request does not implicate any of the concerns raised by the Supreme Court. (Reply at 9-11). The weight of the relevant authority—including the only Circuit court to address the precise issue, a court that actually reversed class certification based on the failure to allow downstream discovery—supports Abbott's request for such discovery. (*Id*. at 11-13).

- Plaintiffs' next argument similarly parrots their opposition. They claim that the intra-class conflicts identified by Abbott relate solely to damages and are not "apparent, imminent, and on an issue at the very heart of the suit." (Mot. at 6). As Abbott explained in both its opening papers and its reply, however, the conflicts addressed in its motion go to the theories of liability in this case and, thus, clearly rise to the level of conflicts sufficient to raise serious concerns about Plaintiffs'

ability to adequately represent the proposed class. (Reply at 5-6). As the Ninth Circuit has made clear, "[e]xamination of *potential* conflicts of interest has long been an important prerequisite to class certification." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) (emphasis added); *see also Honolulu Fed. Sav. & Loan Ass'n v. Verex Assurance, Inc.*, 116 F.R.D. 474, 476 (D. Haw. 1987) (holding that "a potential conflict exists and precludes [the plaintiff] from adequately representing the class").

- Plaintiffs argue that Abbott has misread Plaintiffs' submissions, and that Plaintiffs assert not three theories of liability, but two theories of liability, one of which has two effects. (Mot. at 7). However one counts Plaintiffs' theories of liability—whether as theories 1, 2, and 3, or as theories 1A, 1B, and 2—the simple fact remains that Plaintiffs have asserted alternative and conflicting theories of liability. Because of the different conditions under which various class members operate, they would likely have sharply differing interests with respect to the ultimate theory of liability to be pursued in this case. (Hay Decl., 5/12/08, at ¶¶ 26-27; Reply at 4-6). Again, this potential (if not actual) conflict is more than sufficient to satisfy the liberal standard for discovery—a standard Plaintiffs have never addressed.

- Plaintiffs argue that they "have not, as Abbott claims, conceded that some class members have actually benefited" from the price increase. (Mot. at 8). But what Abbott pointed out in its reply brief is that Plaintiffs "do not dispute" that some class members benefited. (Reply at 1). Plaintiffs still do not dispute that fact in their impermissible sur-reply.

- Plaintiffs argue, once again, that the opt-out provision of Rule 23 could remedy any intra-class conflicts. Abbott already discredited this argument in its reply brief, noting that the opt-out provision—although completely irrelevant to a discovery motion—does not swallow the adequacy of representation prerequisite. (Reply at 7-8). Rule 23 expressly precludes class certification in the face of intra-class conflicts. While an opt-out provision can cure "conflicts that are merely conjectural," Herbert B. Newberg & Alba Conte, Newberg on Class Actions § 3.30 (4th ed. 2002), class certification clearly can be rejected based solely on "some evidence of an actual conflict." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003).

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601-9703

- Finally, Plaintiffs regurgitate their summary assertions of burden. But as noted in Abbott's reply, Plaintiffs have failed to provide any specific evidence concerning the burden of producing the requested documents, relying instead on vague generalizations. (Reply at 13-15). Moreover, Plaintiffs have never even addressed the fact that they requested, and Abbott produced, the very same type of sales data. (*Id.* 13-14). They offer no explanation for how the burden could be so substantially greater for Plaintiffs than for Abbott. Thus, they have fallen far short of meeting their "'heavy burden' of showing why discovery should be denied." *Roehrs v. Minnesota Life Ins. Co.*, 228 F.R.D. 642, 644 (D. Ariz. 2005).

## CONCLUSION

For the foregoing reasons, Abbott respectfully requests that the Court deny plaintiffs' motion to strike, or in the alternative to accept their motion as a sur-reply.

Dated: June 13, 2008                    WINSTON & STRAWN LLP

                                        By:  /s/ Charles B. Klein
                                             Charles B. Klein
                                             Attorney for Defendant
                                             ABBOTT LABORATORIES